IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-214-TMH |
| | ) | [WO] |
| | ) | |
| LEROY UPSHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Joseph Thompson ["Thompson"], an indigent inmate and frequent litigant in this court, challenges the constitutionality of actions undertaken with respect to a criminal charge pending against him before the Circuit Court of Barbour County, Alabama.  Thompson also complains that he was falsely imprisoned in the Barbour County Jail for two days on a detainer lodged by another state.  Thompson names Leroy Upshaw, the sheriff of Barbour County, Alabama, Paul Brunson, the attorney appointed to represent Thompson on the pending criminal charge, and Ben Reeve, the district attorney assigned to the criminal case, as defendants in this cause of action. Thompson seeks declaratory relief, dismissal of the Barbour County criminal charge and monetary damages.  *Plaintiff's Complaint - Court Doc. No. 1 at 4.*

Upon thorough review of the complaint, the court concludes that Thompson's claims arising from the criminal charge pending against him before the Circuit Court of Barbour County, Alabama are due to be dismissed prior to service of process pursuant to the

provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

# I.  DISCUSSION

## A.  The Pending Criminal Charge and Related Actions

Thompson asserts that the State denied him a hearing within seventy-two hours of his arrest and falsified the charge against him.  *Plaintiff's Complaint - Court Doc. No. 1* at 2.  Thompson also complains the trial court failed to set a bond for this charge immediately and subsequently refused to grant his pro se request for a bond reduction.  Thompson further argues that appointed counsel refused to file a motion for bond reduction.  These claims, however, provide no basis for relief in this cause of action.

1.  <u>Declaratory and Injunctive Relief from Pending Criminal Charge</u>.  Thompson alleges that there is no valid basis for the criminal charge pending against him in Barbour County as this charge is the result of a "falsified offense."  *Plaintiff's Complaint - Court Doc. No. 1* at 2.  Thompson further argues that this criminal charge is due to be dismissed because the State failed to provide the requisite 72-hour hearing upon his arrest.  *Id.* at 3. Finally, Thompson contends he received ineffective assistance of counsel during the on-going state criminal proceedings.  Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an

---

[1] The court granted Thompson leave to proceed *in forma pauperis* in this cause of action.  *Court Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.  In this case, Thompson has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Specifically, Thompson can seek reconsideration of and/or appeal any adverse decision issued by the trial court.  He may also attack the constitutionality of the prosecution throughout the on-going state criminal proceedings, including pre-trial motions and post-conviction proceedings.  Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm.  The mere fact that Thompson must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45.  This court must therefore abstain from considering the merits of Thompson's claims, which challenge the constitutionality of the criminal charge pending against him in Barbour County, Alabama, the assistance provided by appointed counsel and the actions of the trial court regarding this charge as these claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44.  Consequently, summary dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. <u>Appointed Attorney Paul Brunson</u>.  Thompson complains that appointed counsel refused to file a motion for reduction of bail in the pending criminal case.  An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law

committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.... [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Thompson complains was not committed by a person acting under color of state law, the § 1983 claims asserted against defendant Paul Brunson are frivolous as these claims lack an arguable basis in law. *Neitzke*

*v. Williams*, 490 U.S. 319, 327 (1989).[2]  Such claims are therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3.  <u>The State Attorney - Ben Reeve</u>.  Thompson maintains that the assistant district attorney assigned to his case, Ben Reeve, is violating his constitutional rights by allowing the case to proceed on the charge lodged against him.  It is clear from the complaint that the claims made against defendant Reeve emanate from this defendant's representation of the State during criminal proceedings initiated and currently pending against Thompson before the Circuit Court of Barbour County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing [her] function as an advocate for the government.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)."  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages....  [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

> having to stand trial, but also from having to bear the other
> burdens attendant to litigation, including pretrial discovery....
> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d
> 128 (1976), the Supreme Court held that a prosecutor is
> absolutely immune from civil suit for damages under section
> 1983 for actions taken "in initiating a prosecution and in
> presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions of defendant Reeve have been undertaken by this defendant in his role "as an 'advocate' for the state" and they "are intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Reeve is therefore "entitled to absolute immunity for that conduct." *Id.* Thus, Thompson's request for monetary damages against Ben Reeve lacks an arguable basis and, as such, is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327. As previously determined, Thompson is entitled neither to declaratory nor injunctive relief for any adverse action taken during the state court proceedings related to the criminal charge currently pending against him before the Circuit Court of Barbour County, Alabama.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims presented against Paul Brunson and Ben Reeve be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. The plaintiff's challenges to the constitutionality of the criminal charge pending

against him before the Circuit Court of Barbour County, Alabama be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3.  This case, with respect to the plaintiff's claim against Leroy Upshaw alleging a two-day period of illegal imprisonment on a detainer lodged by another state, be referred back to undersigned for additional proceedings.

It is further

ORDERED that on or before April 14, 2009 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done, this 2nd day of April, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE