IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-214-SRW |
| | ) | |
| SHERIFF LEROY UPSHAW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I.  INTRODUCTION

Joseph Thompson ["Thompson"], an indigent inmate, filed this 42 U.S.C. § 1983 action on March 16, 2009.  The complaint is pending before the court on Thompson's challenge to the validity of a two-day period of imprisonment in the Barbour County Jail related to a detainer lodged against him by the Sheriff's Department of Broward County, Florida.[1]  Specifically, Thompson maintains that a jail official advised him that Broward County had fourteen days after his date of release from the Barbour County Jail to obtain custody pursuant to the detainer, and argues that his confinement for two days after expiration of the stated fourteen-day time period deprived him of due process and constituted cruel and unusual punishment.

The defendant filed a special report and supporting evidentiary materials addressing

---

[1] Thompson does not challenge the validity of the detainer.

Thompson's claims for relief.  Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment.  *Order of April 28, 2009 - Court Doc. No. 12*.  Thus, this case is now pending on the defendant's motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes the defendant's motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision ©, changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [– now dispute –] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces probative and admissible evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to

3

> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted).  Consequently, to survive the defendant's properly supported motion for

summary judgment, Thompson is required to produce "sufficient [favorable] evidence"

which would be admissible at trial supporting his claims of constitutional violations.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of*

*Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely

colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*.

at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will

not suffice; there must be enough of a showing that the [trier of fact] could reasonably find

for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d

202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory

allegations based on subjective beliefs are likewise insufficient to create a genuine issue

of material fact and, therefore, do not suffice to oppose a motion for summary judgment.

*Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001);

*Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory

assertions ..., in the absence of [admissible] supporting evidence, are insufficient to

withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant

of summary judgment appropriate where inmate produces nothing beyond "his own

conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243

(11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Thompson fails to demonstrate a requisite genuine dispute of material

6

fact in order to preclude summary judgment.  *Matsushita*, *supra*.

## III.  DISCUSSION

### A. Absolute Immunity

With respect to any claims Thompson lodges against defendant Upshaw in his official capacity, the defendant is entitled to absolute immunity from monetary damages.[3] Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that defendant Upshaw is a state actor entitled

---

[3]Under all facets of Alabama law, a county sheriff and his correctional staff act as state officers "when supervising inmates and otherwise operating the county jails."  *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates sheriff and, by extension, his staff as members of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State).

to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Thus, the defendant is entitled to absolute immunity from any claims for monetary relief presented against him in his official capacity.  *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## B.  Relevant Factual History[4]

On May 27, 2008, Barbour County law enforcement officials arrested Thompson pursuant to a warrant for first degree rape and placed him in the Barbour County Jail.  On October 22, 2008, the Sheriff of Broward County, Florida lodged a detainer against Thompson for third degree theft of property.  *Defendant's Exhibit E - Court Doc. No. 8* at 35.  The detainer contained copies of capias warrants issued by the Circuit Court of Broward County, Florida against Thompson for third degree grand theft (two counts) and carrying a concealed weapon.  *Id*. at 36-37.

On December 17, 2008, Thompson posted bail on the Barbour County rape charge and executed a waiver of extradition before the District Court of Barbour County, Alabama

---

[4]The pleadings before the court indicate that the alleged actions which form the basis of the instant complaint  occurred during Thompson's incarceration pursuant to a detainer lodged against him by the Sheriff of Broward County, Florida and prior to his conviction on a pending charge of first degree rape lodged against him by the Circuit Court of Barbour County, Alabama.  Nevertheless, regardless of Thompson's status in the jail, either as a pre-trial detainee or sentenced inmate, the applicable standard of review remains the same.  *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted) ("[T]he applicable standard [of reviewing claims by pre-trial detainees or convicted prisoners under the Fourteenth Amendment's Due Process Clause] is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees.")

certifying that he "freely and voluntarily agree[d] to accompany, as a prisoner, any officer

from the State of Florida, to the County of Broward in said State for the purpose of

answering the charge[s] of Grand theft 3rd & Carrying Concealed Weapon there pending

against me." *Defendant's Exhibit C - Court Doc. No. 8* at 29.  Thompson also waived all

formalities regarding his extradition to Florida.  *Id*. ("I hereby waive all formality

including, but not limited to, a Requisition by the Governor of the State of Florida and a

Warrant of Extradition by the Governor of the State of Alabama and any other extradition

proceedings.").  At this time, George Parhan, the chief jailor at the Barbour County Jail,

"explained to Mr. Thompson that the Barbour County Sheriff's Department typically gives

[other] law enforcement agencies fourteen days to pick up extradited prisoners.... On

December 18, 2008, the Broward County Sheriff's Department arranged with Con-Link

Transportation Corporation to transport Mr. Thompson from the Barbour County Jail to the

Broward County Jail [and provided notice of this arrangement to the Barbour County

Sheriff's Department].  Con-Link was not able to pick up Mr. Thompson for transfer until

January 2, 2009. Because the Broward County Sheriff's Department made reasonable

efforts to pick up Mr. Thompson within fourteen days, they were extended the courtesy of

an additional two days." *Defendant's Exhibit F (Affidavit of George Parhan) - Court Doc.*

*No. 8* at 40; *Defendant's Exhibit G (Affidavit of Leroy Upshaw) - Court Doc. No. 8* at 42-43

("The Barbour County Sheriff's Department has a general policy of giving law enforcement

agencies fourteen days to pick up extradited prisoners.  The fourteen-day policy is based

on practical reasons and courtesy towards other law enforcement agencies.  The Barbour County Sheriff's Department informs other law enforcement agencies of the fourteen-day policy to encourage them to timely pick up their prisoners and thus avoiding overburdening the Barbour County Jail.  The Barbour County Sheriff's Department gives law enforcement agencies fourteen days to pick up their prisoners because it is a reasonable time limit in light of the logistics involved in transferring prisoners.  Out of courtesy to other law enforcement agencies, the Barbour County Sheriff's Department will extend the fourteen-day time limit if an agency has made reasonable efforts, but was unable, to comply.").

The fourteen-day grace period typically allowed by the Barbour County Sheriff's Department for the extradition of inmates expired on December 31, 2008.  It is undisputed that Thompson remained incarcerated in the Barbour County Jail for an additional two days pursuant to a valid detainer lodged against him by the Broward County Sheriff's Department before officials employed by Florida authorities gained custody of him. Thompson argues that the failure to follow the jail's general policy regarding the time permitted for extradition of an inmate violated his constitutional rights, and he seeks monetary compensation for the two days he remained in the Barbour County Jail.

## C.  Claims for Relief

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S.

40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

1. **Due Process.**  It is undisputed that Thompson waived any constitutional right to due process associated with his extradition to the State of Florida.  *Defendant's Exhibit C - Court Doc. No. 8* at 29.  Thus, the failure to transfer Thompson to Florida within the fourteen-day time period ordinarily required by Barbour County did not infringe on any federally protected right. In addition, under the circumstances of this case, the departmental policy at issue did not afford a protected right and, therefore, a breech of the policy did not violate Thompson's constitutional rights or federal law.  *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) (Correctional officials "failure to follow [administrative policy or] procedures does not, by itself, raise to the level of [a constitutional violation]...."); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987); *cf. Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).  Consequently, the allegations of a due process violation provide no basis for relief and the defendant is therefore entitled to summary judgment on this claim.

2. **Cruel and Unusual Punishment**.  To the extent that Thompson complains that his confinement in the Barbour County Jail for the two additional days required to facilitate his transfer subjected him to cruel and unusual punishment, he is likewise entitled to no relief.  Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment.  *Rhodes v. Chapman*, 452

11

U.S. 337, 347 (19891).[5]  A violation of the Eighth Amendment occurs only when an inmate is subjected to the wanton and unnecessary infliction of pain."  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).  The mere fact that Thompson remained in the Barbour County Jail pursuant to a valid detainer for two additional days awaiting transfer fails to rise to the level of cruel and unusual punishment.  Thus, summary judgment is due to be granted in favor of the defendant on  this claim.

A separate order will accompany this memorandum opinion.

DONE, this 30th day of November, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[5]The Eighth Amendment applies to the states through the Fourteenth Amendment.  *Rhodes,* 452 U.S. at 344-345.